IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MARK A. JOHNSON | § | CIVIL ACTION NO. _____ |
| | § | |
| VS. | § | |
| | § | Pursuant to Rule 9(h) of |
| FOREST OIL CORPORATION | § | the Federal Rules of |
| | § | Civil Procedure - ADMIRALTY |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW MARK A. JOHNSON, Plaintiff, complaining of FOREST OIL CORPORATION, Defendant, and, for cause of action, would respectfully show unto this Honorable Court the following:

I.

1. Plaintiff MARK A. JOHNSON is a citizen and resident of Louisiana.

2. Defendant FOREST OIL CORPORATION is a New York corporation doing business in the state of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent: Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

II.

This is a case of admiralty and maritime jurisdiction, 28 U.S.C. § 1333, and general maritime law, as well as any other applicable laws, as hereinafter more fully appears.

This is an admiralty or maritime claim within the meaning of Rule 9(h), and is brought pursuant to Rule 9(h).

### III.

Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States, Rule 82 FRCP.

### IV.

At all material times hereto, Defendant Forest Oil Corporation was the owner and operator of the vessel (barge) and platform, and employer of the crane operator, involved in the incident made the basis of this suit.

### V.

On or about February 4, 2006, Plaintiff was working on Defendant's vessel and sustained severe and disabling injuries, including crushing injuries to his fingers, during operations being conducted and supervised by Defendant on its platform and vessel, including operations being conducted by Defendant's crane operator.  Said injuries were caused in whole or in part by the negligence of Defendant, its agents, servants and/or employees.

### VI.

Plaintiff would show that nothing he did or failed to do on the occasion in question caused or in any way contributed to cause his injuries.  To the contrary, the occurrence in which Plaintiff was injured and the injuries which he sustained were proximately caused by the negligence, as that term is understood in law, on the part of Defendant and/or its agents, servants and/or employees who were acting in the course and scope of their employment for Defendant at all times material to this cause of action.

**VII.**

Plaintiff would further show that the Defendant had the right of control over the details of the work being performed at the work site in question and the right of control over the work being performed by all of the men at the work site in question.  Additionally, the Defendant had the right of control and right of supervision of the details of the procedures, equipment, devices, instructions, methods, and manner of work being performed.  The Defendant retained control over and coordinated the manner in which the work was performed.  Further, the Defendant was in charge of overall safety at the job site in question, and Defendant owed Plaintiff a duty to exercise reasonable care to insure that said work at the work site in question was done in a safe and prudent manner.  Defendant failed to exercise such reasonable care, and such failure was a proximate cause of Plaintiff's injuries and resultant damages.

**VIII.**
**NEGLIGENCE**

The conduct of Defendant constituted negligence as that term is understood in law, and such conduct was a proximate cause of the occurrence made the basis of this suit.

Plaintiff would show that the Defendant was negligent through acts and omissions by and through its agents, servants, and/or employees, acting in the course and scope of their employment, individually and/or collectively.

**IX.**
**DAMAGES**

As a result of the occurrence made the basis of this suit, Plaintiff sustained bodily injuries, and, because of the nature and severity of the injuries, he has suffered physical pain and mental anguish and in reasonable probability will continue to suffer physical pain

and mental anguish in the future.  At the time of the occurrence made the basis of this suit, Plaintiff was a healthy, able-bodied working man.  He has and will suffer physical impairment and disfigurement.  Because of the occurrence in question, Plaintiff has sustained very painful and disabling injuries that have caused him a loss of earnings and wage earning capacity in the past and this condition will exist in the future.  Because of the nature and severity of the injuries he has sustained, he has required medical treatment in the past and in reasonable probability he will require other and additional medical treatment in the future.  Charges for such medical treatment that have been made in the past and those which in reasonable probability will be made in the future have been and will be reasonable charges made necessary by the occurrence in question.

## X.
## PRE-JUDGMENT INTEREST

Plaintiff would additionally say and show that he is entitled to recovery of pre-judgment interest in accordance with law and equity as part of his damages herein, and Plaintiff here and now specifically sues for recovery of pre-judgment interest from the date of the occurrence made the basis of this suit until the date of the judgment herein, as provided by law and equity, under the applicable provisions of the laws of the State of Texas.

## XI.

By reason of the above and foregoing actual damages, Plaintiff here and now sues for a just and reasonable sum, in excess of $75,000.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein; that upon final trial hereof Plaintiff have judgment against the Defendant; that he recover his damages, both actual and exemplary; that he recover his

costs of court herein expended; that he recover pre-judgment and post-judgment interest to which he is entitled by law; and for such other and further relief, both general and special, in law and in equity, to which he may show himself justly entitled.

                Respectfully submitted,

*/s/ Francis I. Spagnoletti*
_____
Francis I. Spagnoletti
State Bar No. 18869600
1600 Smith, 45th Floor
Houston, Texas 77002
Telephone:  713-653-5600
Facsimile:   713-653-5656

**OF COUNSEL**:

SPAGNOLETTI & CO.
1600 Smith, 45th Floor
Houston, Texas 77002
Telephone:  713-653-5600
Facsimile:   713-653-5656